George W. Roll *et al.* v. Nicholas Harrington.
### No. 265.

1. Action to Quiet Title—*to alluvial accretions, not error to permit evidence of plaintiff's title to land along shore.* In an action to quiet title to accretions formed by a change of the channel of the Missouri River, it is not error for the court to allow the plaintiff to show by evidence the chain or claim of title upon which his possession is founded.

2. ———— *refusal to admit void tax deed in evidence in defense to, not error.* It is not reversible error for the trial court to refuse to admit in evidence, as a defense to an action to quiet title, a tax deed which is void upon its face.

3. ———— *evidence as to plaintiff's possession at beginning of suit conflicting, judgment not reversed.* Where there is some legal evidence that the plaintiff was in possession of the land in

controversy at the beginning of the suit, a judgment for the plaintiff will not be reversed because the evidence upon that question is conflicting.

Error from Doniphan District Court. Hon. J. F. Thompson, Judge. Opinion filed December 18, 1897. *Affirmed.*

*Albert Perry,* for plaintiffs in error.
*Alcid Bowers,* for defendant in error.

WELLS, J. This action was brought in the court below by the defendant in error, alleging title to, and possession of, two certain tracts of land in Doniphan County, each tract containing a portion of the vacated town of Palermo and extending therefrom to the west bank of the Missouri River. The plaintiffs in error, defendants below, answered by, *first,* a qualified general denial; *second,* a disclaimer of any right or title to certain specified lots and blocks in said town; *third,* a claim of title to, and possession of, the rest of the land described in plaintiff's petition, and a prayer that their title thereto be quieted. To this answer the plaintiff filed a general denial, and upon the issues thus joined the case was tried to the court. Upon the completion of the plaintiff's testimony, the defendants dismissed their counterclaim and asked no affirmative relief, and then offered their testimony on the defense. Upon the testimony, the court found the issues for the plaintiff and gave judgment accordingly. A motion for a new trial was made, overruled, and excepted to, and the case brought here for review.

. The lands in controversy herein are the accretions formed by a change of channel of the Missouri River, the plaintiff claiming title thereto by reason of being the owner of the adjacent land; and this ownership

ROLL v. HARRINGTON.  161

Dec. 18, 1897.        Opinion.   Wells, J.               E. Div.

is sought to be established by showing title in the plaintiff to the lots on the eastern border of the town site, adjacent to the levee or street which formerly extended to the bank of the river. The town site having been vacated by order of the county commissioners, it is claimed that Levee Street, which connected these lots with the river, accrued to the lots, and then that the accretions accrued to the tract of land thus augmented by the streets and levee. The plaintiff also claimed, and offered evidence tending to show, a possessory title of more than fifteen years in the lots, streets and levee so claimed by him. On the other hand, the defendants claimed to own said accretions by reason of a tax deed made to them.

The first contention of the plaintiffs in error is, that the court erred in allowing the plaintiff to introduce evidence as to his title in the lots and blocks in the town site, on the ground that under their disclaimer his title was not in dispute. If the title to the levee, upon the vacation of the town site, vested in the owner of the adjoining lots, and the title to the accretion followed the title of the land to which it was added, then it was necessary for the plaintiff, as the basis of a recovery, to prove his title to the lots, and there was no error in this.

The plaintiffs in error complain of the exclusion of the tax deed offered by them, and say that, if the tax deed did not convey title, it entitled them to have the taxes levied on the lands refunded them. In this they are mistaken; the deed was void on its face and was no evidence of title, and no question of finding the amount of taxes paid was before the court.

There is no discussion in this case by either party of the question as to where the title to the streets, alleys and public reservations was vested, and, as the

11—6 KAN. APP.

trial court may have found that the plaintiff had title to the land in question either by his long possession of the adjacent land or through his chain of legal title thereto, we shall only consider the question as to whether there was sufficient evidence before the court to justify it in finding the land in controversy in the possession of the plaintiff at the beginning of this suit. If it had such evidence, there was no error in the judgment complained of ; and if not, such finding could not be sustained. With this in view, we have carefully read the evidence, and are of the opinion that there is sufficient to justify the trial court in finding for the plaintiff.

The judgment of the District Court will be affirmed.